UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASPEN FREY, | Case No. 4:24-cv-00582-AKB |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CITY OF POCATELLO; CHIEF ROGER SCHEI; OFFICER R. HURLEY; OFFICER B. FERRO; OFFICER BR. JOHNSON; OFFICERS DOE I-XX, | |
| Defendants. | |

Pending before the Court is Defendant Officer Hurley's Motion to Dismiss Plaintiff's Complaint (Dkt. 21) and Plaintiff Aspen Frey's Motion to Extend Time to Serve (Dkt. 23). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing and the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants Frey's motion and denies Hurley's motion as moot.

## I.    BACKGROUND

On December 19, 2024, Frey commenced this action, bringing ten causes of action under 48 U.S.C. § 1983 and Idaho common law against Defendants City of Pocatello and several Pocatello Police Department officers arising from her November 12, 2023, arrest in Pocatello, Idaho (Dkt. 3 at ¶¶ 19, 29). Frey alleges that Officer Hurley unlawfully arrested and searched her while she was sitting on a sidewalk after injuring her ankle in a fall, despite her insistence that she

MEMORANDUM DECISION AND ORDER – 1

was able to return home on her own (*id.* at ¶¶ 19–31). She further alleges that she was charged with resisting or obstructing an officer, a charge the prosecutor later dismissed (*id.* at ¶¶ 32–43).

On February 5, 2025, Frey served copies of the complaint and summons on Lieutenant Vanderschaaf on behalf of the City of Pocatello and the officers (Dkts. 5, 6, 7, 8, 9). Unbeknownst to Frey, however, Officer Hurley was no longer employed by the Pocatello Police Department (Dkt. 21-1 at 2; Dkt. 24-1 at 1–2). It was not until Frey received Defendants' initial disclosures on April 29 that she realized Defendants' counsel did not represent Hurley (Dkt. 23-2 at 2). Frey served Hurley on May 7, 2025 (Dkt. 22)—forty-nine days after the deadline.

Hurley now moves to dismiss the action for insufficient service of process because service occurred forty-nine days after the ninety-day deadline under Rule 4(m) of the Federal Rules of Civil Procedure (Dkt. 21). Frey argues there is good cause for the failure (Dkt. 24) and also moves for an extension of time to serve Hurley (Dkt. 23).

## II.    LEGAL STANDARD

Under Rule 4(m), a plaintiff must serve a defendant with a summons and copy of the complaint "within 90 days after the complaint is filed." Failure to do so is cause for dismissal without prejudice. *Id.* If the plaintiff shows good cause for the delay, however, the court "must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

A party who has not been served in accordance with Rule 4(m) may invoke Rule 12(b)(5) in support of a motion to dismiss. Under Rule 12(b)(5), untimely service constitutes insufficient service of process. When considering a motion to dismiss a complaint for untimely service, courts must conduct a two-step analysis in determining whether to dismiss the case or extend the service deadline. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "First, upon a showing of good cause

MEMORANDUM DECISION AND ORDER – 2

for the defective service, the court must extend the time period." *Id.* Good cause, at a minimum, means excusable neglect, and that, to establish good cause, a plaintiff may also be required to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)). Examples of good cause include when service has been attempted but not completed; plaintiff was confused about the service requirements; or plaintiff was prevented from serving defendants by factors beyond her control. *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998).

"Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Sheehan*, 253 F.3d at 512. The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *Sheehan*, 253 F.3d at 513. Factors that the court may consider include a statute of limitations bar, prejudice to defendant, actual notice of the lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041. If, in exercising that discretion, a court declines to extend the period for the service of process, it must dismiss the complaint without prejudice. *See United States v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

### III.    ANALYSIS

Frey seeks an extension of time to effectuate service under Rule 4(m) (Dkt. 23). Here, the complaint was filed on December 19, 2024 (Dkt. 3). The ninety-day period mandated by Rule 4(m) begins to run from the date of filing of the original complaint. *See, e.g.*, *Mann v. Am. Airlines*, 324 F.3d 1088, 1089–91 (9th Cir. 2003). The deadline set by Rule 4(m) for service of the complaint

was therefore March 19, 2025. Frey argues that good cause exists for an extension because she "diligently attempted to serve Officer R. Hurley and has attempted to remedy any service issues shortly after discovery of this service issue" (Dkt. 23-2 at 3).

Hurley disagrees, arguing Frey must demonstrate excusable neglect, a standard he contends is "higher" than "good cause" (Dkt. 26 at 3).[1] He further argues that Frey cannot establish excusable neglect for two reasons. First, Hurley contends that it was not reasonable for Frey to believe that Hurley had been served along with the other Defendants because the process server did not discuss Hurley with Lieutenant Vanderschaaf (Dkt. 26 at 2). According to Frey, however, Lieutenant Vanderschaaf indicated to the process server that he would and could accept service on Hurley's behalf (Dkt. 23-1 ¶ 4). Next, Hurley maintains that Frey was put on notice that defense counsel did not represent Hurley because the answer and discovery and litigation plans were not filed on Hurley's behalf (Dkt. 26 at 2).

The fact that Frey attempted to serve Hurley within the ninety-day deadline is sufficient for a finding of good cause. Frey was unaware that Hurley was not employed by the Pocatello Police Department when she first tried to effect service on February 12, 2025 (Dkt. 24-1 at 1–2). It was not until Frey received Defendants' initial disclosures on April 29 that she realized Defendants' counsel did not represent Hurley (Dkt. 23-2 at 2). After receiving an email from

---

[1]    In his response, Officer Hurley contends Rule 6(b)—which requires a motion and a demonstration of "excusable neglect" for any extension after any time for action has passed—applies because Frey made her motion for time to extend well after the original time for service expired (Dkt. 26 at 3). Rule 4(m), however, does not have a separate standard for extension requests made after expiration of the period, but instead provides the same "good cause" standard. This more specific provision of Rule 4(m) controls the issue, and a demonstration of excusable neglect is not required. *United States ex rel. DeLoss v. Kenner Gen. Contractors*, 764 F.2d 707, 710–711 (9th Cir. 1985) (noting that because Rule 6(b) is general provision and Rule 4(m) contains more specific provision, "good cause" standard found in latter rule applies), *superseded by rule on other grounds as stated in In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

MEMORANDUM DECISION AND ORDER – 4

Defendants' counsel on April 30 stating that "the service on the 12th was insufficient" (Dkt. 24-2 at 9), Frey served Hurley within seven days (Dkt. 22). This pattern of conduct leading up to Hurley's eventual service supports a finding of good cause, particularly because part of the delay resulted from Hurley's changed employment.

Consideration of the *Boudette* factors do not alter this conclusion. Although Frey has not shown that Hurley had actual notice of this lawsuit prior to being served, the other two factors weigh in favor of granting an extension. First, the only prejudice Hurley alleges is that he will be "forced to defend against an untimely Complaint, and [he] is entitled to the protections of the time limits in the Federal Rules of Civil Procedure" (Dkt. 26 at 4). He also claims that Frey's failure resulted in the case being delayed (*id.*). But "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). Hurley has not alleged that the delay has had an impact on witnesses' availability and memory, nor that granting an extension would require the Court to reset schedules and deadlines for litigation nearing completion. The Court also notes that all Defendants are represented by the same counsel[2] and counsel has known that Frey intended to sue Hurley since the complaint was initially served on the other Defendants (Dkt. 26 at 2) (noting that counsel intentionally filed answer "on behalf of the other Defendants, and Hurley was not included in the definition of "Defendants"). Thus, Hurley is likely to suffer little to no prejudice from extending the service deadline. *See Spitzer v. Aljoe*, No. 13–cv–05442, 2015 WL 1843787, at *16 (N.D. Cal. Apr. 6, 2015) (finding shared representation weighs against a finding of prejudice to a defendant).

---

[2]    Defense counsel maintains, and Frey does not dispute, that Officer Hurley was unrepresented prior to the May 7 service (Dkt. 26 at 3–4).

**MEMORANDUM DECISION AND ORDER – 5**

Frey, on the other hand, will suffer prejudice because the statute of limitations for this case has expired, which would bar refiling.[3] Additionally, proceeding against the other named Defendants will likely not provide Frey with adequate relief. As the arresting officer, Hurley is arguably the most culpable for Frey's alleged injuries. Indeed, of the ten causes of action, two are exclusively against Hurley (Dkt. 3 ¶¶ 53–70, at 6–8, ¶¶ 1–17, at 8–10), while the other eight stem primarily from Hurley's actions (Dkt. 3). As the Ninth Circuit has recognized, a plaintiff is greatly prejudiced when the statute of limitations would prevent re-filing of the action. *See, e.g.*, *Lemoge*, 587 F.3d at 1195. This consideration carries even greater weight in § 1983 cases because of the particular importance of resolving civil-rights cases on the merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). Therefore, the Court finds that good cause exists to extend the deadline for service.

Even if the Court did not find that Frey had shown good cause for her defective service, it nonetheless would exercise its discretion to extend the period for service. The Court has already addressed three of the *Efaw* factors: the statute of limitations would bar Frey from refiling; there is little prejudice to Hurley from the short delay; and Hurley had no actual notice of the lawsuit in advance of the ninety-day deadline (Dkt. 21-2 ¶ 5). The fourth factor—eventual service—also weighs in favor of granting an extension because Hurley was eventually served on May 7 (Dkt. 22).

Therefore, the Court grants Frey's motion and extends the time to serve Hurley until the date he was actually served. Accordingly, Hurley's motion to dismiss is denied as moot.

---

[3]     When the parties first filed their motions in May 2025, Frey was still within the statute of limitations. The statute of limitations, however, ran on November 12, 2025—two years after Frey sustained her alleged injuries (Dkt. 23-2 at 3).

MEMORANDUM DECISION AND ORDER – 6

## IV.    ORDER

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Aspen Frey's Motion to Extend Time to Serve (Dkt. 23) is **GRANTED**.

The time to serve Defendant Hurley is extended until May 7, 2025.

2.      Defendant Hurley's Motion to Dismiss Plaintiff's Complaint (Dkt. 21) is **DENIED**

**as MOOT**.

DATED: March 17, 2026

*Amanda K. Brailsford*

**Amanda K. Brailsford**
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER – 7**